## M. SCHWARZ, ET AL. *v.* T. J. GRIFFITH'S EXR.

[Abstract Kentucky Law Reporter, Vol. 7—532.]

### Mortgaging Interest in Real Estate.

Where a will directs the executor to sell the testator's real estate and divide the proceeds equally between his four children, the legatees, even though married women, may in advance of such sale mortgage their respective interests, and upon sale the mortgagee is entitled to the funds derived therefrom as to such interests after the payment of the costs of administration and the testator's debts.

### APPEAL FROM LOUISVILLE LAW & EQUITY COURT.

January 19, 1886.

OPINION BY JUDGE HOLT:

The third clause of the will of Dorthea Munch reads as follows: "That my daughter, Louisa Schwarz, being my sole executrix, can sell the house and lot at any time after my decease, the proceeds of said house and lot to be equally divided amongst or between my four children." Following it, but after bequests of various personal property to several persons, the eighth clause provides: "It is further my wish that neither of my sons-in-law interfere in any manner whatsoever in the distribution of the above property or effects."

The testatrix had but four children, two of whom were infants and the other two married women; and subsequent to the mother's death each of the latter united with her husband in a mortgage

of her one-fourth interest in the house and lot to a creditor to secure the husband's debt. Subsequently this action was brought by the administrator with the will annexed for a settlement of his accounts, and to obtain a decree to sell the house and lot for the payment of the testatrix's debts, the personal assets being insufficient for this purpose. The mortgagee having been made a defendant, he asserted his alleged mortgage lien as to the undivided two-fourths interest embraced by his two mortgages, and claimed the right to have the proceeds thereof, which might arise from a sale, applied so far as necessary in payments of his debts. They are admitted to be just, but his right to have them satisfied out of the proceeds of the one-half of the property covered by his mortgages is denied upon two grounds. First, it is claimed that the interest of the married women in the property was their separate estate, and could not therefore be mortgaged to secure the husband's debts. Second, because by the will an equitable conversion of the realty into personalty was created, and being equivalent to a legacy of money it could not be mortgaged unless the parties interested had elected to treat it as realty.

The conclusion of the first proposition is correct, if the premise be true. No particular form of expression is necessary to create a separate estate. It is a question of intention, but to do so it must be clearly expressed. There must be language of exclusion as to the husband, or regulating the enjoyment of the estate in such a manner as to be incompatible with any control whatever by him. It is questionable in this instance whether the wish of the testatrix, expressed in the eighth clause, did not relate merely to the bequests of the specific personal property previously named; but waiving the question, and supposing that it also referred to the house and lot, we do not think that the words sufficiently show an intention to exclude the husbands from the use, enjoyment or all control of the interests of their wives.

It is urged that the clause of the will gave to the executrix a mere discretionary power to sell the real estate. The use of the words "can sell" so imply, and in the absence of any further provision this view would be correct; but the wish of a testator as to the disposition of his property after his death is his will, and in this instance after conferring the power to sell property, which was indivisible, in order to equalize her children the testatrix im-

peratively directs that the proceeds are to be equally divided among her children. The imperative character of a power to sell may appear by express command, or by the mere grant of the power, although not in imperative language, if it be coupled with such directions as to the ulterior settlement of the property in its altered condition as to render it impossible to execute the will without making the conversion.

Under the rule there can be no doubt in this instance as to what was the expectation and wish of the testatrix, and it follows that the will created, in law, an equitable conversion of the property into personalty. There could be no election in this instance to treat it as realty and thereby end the trust, because the act of all the parties interested was requisite to this end, and an infant is incompetent to so act, nor can a feme covert, save under a power authorizing her to deal with it as a feme sole.

But reviewing the interest of the married women in the property, in the character impressed upon it by the will, we fail to see why they could not mortgage it. It was an interest in the property, and Gen. Stat. 1883, ch. 24, § 19, provides, "Married women may convey any real or personal estate which they own, or in which they have an interest, legal or equitable in possession, reversion, or remainder." The mortgage by them of their interest would not defeat the will; the mortgagee would simply be entitled to the proceeds of their interest and this is what the lower court adjudged. It might as well be said that the feme could not sell and convey her interest; and that to do so would defeat the will.

Judgment *affirmed*.

*Jno. B. Baskin, Albert Crutcher, G. E. Fischinger, for appellants. Bacon & Stites, for appellee.*